Jeffrey Cutler [CA SBN 100639]
Email: jcutler@wkclegal.com
Kathryn J. Halford [CA SBN 068141]
Email: khalford@wkclegal.com
Elizabeth Rosenfeld [CA SBN 106577]
Email: erosenfeld@wkclegal.com]
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
A Professional Corporation
16501 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030; Facsimile: (818) 501-5306

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA FLOOR COVERING PENSION TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING HEALTH AND WELFARE TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING APPRENTICESHIP AND TRAINING TRUST FUND, SOUTHERN CALIFORNIA FLOOR COVERING VACATION AND HOLIDAY TRUST FUND, CONTRACT ADMINISTRATION TRUST FUND, THE PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION FUND, AND THE RESILIENT FLOOR AND DECORATIVE COVERING LOCAL UNION NO. 1247, <br><br>      Plaintiffs, <br><br> v. <br><br> FINE DESIGN FLOOR COVERING, INC., a California corporation, <br><br>      Defendant. | CASE NO.: <br><br> **COMPLAINT FOR BREACH OF CONTRACT; VIOLATION OF ERISA** <br><br> [29 U.S.C. §§ 185, 1132, 1145] |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Court by the Employee Income Retirement Security Act of 1971, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185(a).

## VENUE

2. In accordance with Section 502(e) of ERISA, 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Trust Funds are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, Boards of Trustees ("Board of Trustees"), are fiduciaries of the Southern California Floor Covering Pension Trust Fund, Southern California Floor Covering Health and Welfare Trust Fund, Southern California Floor Covering Apprenticeship and Training Trust Fund, Southern California Floor Covering Vacation and Holiday Trust Fund, Contract Administration Trust Fund, and the Painters and Allied Trades Labor Management Cooperation Fund (hereinafter collectively referred to as "Trust Funds"). The Trust Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and express trusts in compliance with Section 302 of the LMRA, 29 U.S.C. § 186. The Board of Trustees bring this lawsuit for and on behalf of the Trust Funds to enforce Section 515 of ERISA, 29 U.S.C. § 1145, to redress violations and to obtain other appropriate legal and equitable relief.

4. Plaintiff, Resilient Floor and Decorative Covering Local Union No. 1247 ("Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185(a), and an "employee organization" within the meaning of Section 3(4)

of ERISA, 29 U.S.C. § 1002(4).  Plaintiffs Board of Trustees and Union shall be collectively referred to hereinafter as, "Plaintiffs."

5.     Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, defendant, Fine Design Floor Covering, Inc. ("FINE DESIGN"), a California corporation, was and is a corporation existing under and by virtue of the laws of the State of California and doing business within this judicial district.  At all relevant times herein, FINE DESIGN was, and currently is, an "employer" in an industry affecting commerce, within the meaning of the LMRA and ERISA.

6.     This complaint is prosecuted pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, to enforce the provisions of a collective bargaining agreement and ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
## (AGAINST FINE DESIGN)

7.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 6, inclusive, as though fully set forth herein.

8.     At all times relevant herein, FINE DESIGN has been party to the District Council of Painters and Allied Trades No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 636 Master Labor Agreement ("MLA"). As a party to the MLA, FINE DESIGN adopted, accepted, and agreed to be bound to the provisions of the Agreements and Declarations of Trust of each of the Trust Funds, and to any amendments thereto or modifications thereof ("Trust Agreements").

9.     The MLA and Trust Agreements require FINE DESIGN to promptly file written trust fund reports and to fully report and make contributions to each of the Trust Funds for each hour of covered work at the rates specified in the MLA for all employees performing work covered under the terms of the MLA.  The MLA further

provides that the reports and contributions are due and payable on the tenth (10th) day of the month following the month in which the hours are worked.  If the employer does not pay the required contributions by the twentieth (20th) day of the month following the month in which the work was performed, its contributions are deemed delinquent.

10.    The Trust Agreements vest in the Board of Trustees the authority to adopt and amend rules and regulations for the administration of the Trust Funds, pursuant to which the Board of Trustees duly adopted and implemented the Audit and Collection Policies and Procedures for the Southern California Floor Covering Trust Funds ("Collection Procedures").

11.    The Trust Agreements and Collection Procedures provide that in the event contributions become delinquent and a legal action is filed to collect the delinquent contributions, liquidated damages shall be assessed at the rate of $500.00 or twenty percent (20%) of the delinquent contributions, and the amount of liquidated damages so fixed and computed shall be added to and become a part of the employer's required contributions due to the Trust Funds.  The Trust Agreements and Collection Procedures further provide that liquidated damages are intended to reflect the harm caused and to reasonably forecast just compensation for the harm caused, such as the actual increase in administrative costs and/or the loss of investment interest or other damage to the Funds caused by the employer's delay in payment or failure to pay contributions, and are not intended as a penalty.

12.    The Trust Agreements and Collection Procedures provide that in the event contributions become delinquent, interest shall accrue at the rate of seven percent (7%) per annum on all unpaid contributions from the date of delinquency until the date of payment.

13.    The Trust Agreements and Collection Procedures provide that in the event contributions become delinquent, the Delinquent Employer shall pay all costs of collection, including the Funds' attorneys' fees and court costs.

14.    The Agreements and Declarations of Trust provide that the Board of Trustees may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations, and, in addition to interest and liquidated damages, a delinquent Employer shall be liable to the Trust Funds for all reasonable expenses of collection, including but not limited to, attorney's fees and costs, accountant's and auditor's fees, costs of attachment and execution, bond, and receivers.

15.    Plaintiffs are informed and believe, and on that basis allege that at all times relevant herein, FINE DESIGN employed workers covered by the provisions of the MLA, who performed work and labor undertaken by FINE DESIGN during the time the MLA was in full force and effect.

16.    In or about 2021, the Trust Funds conducted a payroll audit of FINE DESIGN's books and records for the period of October 1, 2015 through December 31, 2018 (the "Audit").  The Audit revealed clerical errors and omissions on several participants and resulted in fringe benefit contributions due to the Trust Funds.  The Audit further revealed that FINE DESIGN does not keep track of hours worked by its employees.  The Audit indicates that FINE DESIGN has not complied with the reporting requirements set forth in the MLA and Trust Agreements.

17.    Based on the Audit, the following amounts are due and owing by FINE DESIGN for the audit period: contributions in the amount of $111,911.93; liquidated damages in the amount of $11,191.19; working dues in the amount of $8,146.86; audit fees in the amount of $3,675.38 and interest through March 12, 2021, in the amount of $32,236.89.  Interest continues to accrue at the rate of seven percent (7%) per annum until the contributions are paid in full.  A true and correct copy of the Audit is attached hereto as Exhibit "1" and is incorporated herein by reference.

18.    Despite demands by the Trust Funds for payment, FINE DESIGN has failed and refused to pay the sums found due as a result of the Audit.

19.     Plaintiffs are informed and believe, and on that basis allege, FINE DESIGN has not properly reported and paid contributions for the period January 1, 2019 through January 21, 2021.  For this period, Plaintiffs are informed and, on that basis allege, there are additional fringe benefit contributions, liquidated damages, and interest due and owing by FINE DESIGN which is subject to proof.

20.     By failing to pay the delinquencies owed to the Trust Funds, as described above, FINE DESIGN has violated and continues to violate the Agreements and Declarations of Trust.

21.     By reason of FINE DESIGN's breach of the Agreements and Declarations of Trust, the Trust Funds have suffered and continue to suffer damages for unpaid contributions, liquidated damages, interest, and have incurred attorneys' fees and costs.  Pursuant to the Agreements and Declarations of Trust, the Trust Funds are entitled to the unpaid contributions, interest on the unpaid contributions, liquidated damages, audit costs, reasonable attorneys' fees, costs of this action, and any other such legal or equitable relief as the Court deems appropriate.

22.     As a result of FINE DESIGN's breach of the Agreements and the Declarations of Trust, it has been necessary for Plaintiffs to engage the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld for the purpose of collecting unpaid contributions, dues and damages owed to Plaintiffs and by FINE DESIGN to Plaintiffs.

23.     At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Trust Funds as a result of nonpayment of contributions.  The amount agreed upon in the Trust Agreements and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Trust Funds by the nonpayment of contributions.

24.     Plaintiffs have fully performed their obligations under the MLA and the Agreements.

25.    Pursuant to the MLA and Trust Agreements, and the Trust Funds' Collection Policy, the Plaintiffs are entitled to judgment for all unpaid contributions, interest, liquidated damages, audit fees, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF ERISA
## (AGAINST FINE DESIGN)

26.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.    By failing to accurately report and pay contributions to the Trust Funds in accordance with the Trust Agreements, FINE DESIGN has violated Section 515 of ERISA, 29 U.S.C. § 1145.

28.    In accordance with the terms of the Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, the Trust Funds are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, audit fees and costs incurred in enforcing the terms of the Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

## PRAYER
## ON ALL CLAIMS FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.    For unpaid benefit contributions and other damages for breach of contract and violation of ERISA as established by proof to include contributions and other damages disclosed through the audit for the period October 1, 2015 through December 31, 2018;

2.    For liquidated damages as established by proof;

3.    For interest calculated at a rate of 7% per annum, or other applicable

legal rate, on all fringe benefit contributions due from their respective due dates, or the dates said fringe benefit contributions should have been paid, until paid, plus additional amounts as established by proof;

4.    For damages for breach of contract and violation of ERISA  as established by proof;

5.    For Plaintiffs' audit costs, plus additional amounts as established by proof;

6.    For Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action;

7.    For costs of suit incurred herein; and

8.    For such other legal and equitable relief as the Court deems appropriate.

DATED:  August 10, 2021          Jeffrey L. Cutler
                                 Kathryn J. Halford
                                 Elizabeth Rosenfeld
                                 WOHLNER KAPLON CUTLER
                                 HALFORD & ROSENFELD

                                 By: */s/ Jeffrey L. Cutler*
                                 JEFFREY L. CUTLER
                                 Attorneys for Plaintiffs,
                                 The Boards of Trustees of the Southern California
                                 Floor Covering Pension Trust Fund, Southern
                                 California Floor Covering Health and Welfare Trust
                                 Fund, Southern California Floor Covering
                                 Apprenticeship and Training Trust Fund, Southern
                                 California Floor Covering Vacation and Holiday Trust
                                 Fund, Contract Administration Trust Fund, the
                                 Painters and Allied Trades Labor Management
                                 Cooperation Fund, and the Resilient Floor and
                                 Decorative Floor Covering Local Union No. 1247